FILED

1  MICHAEL J. FINNEGAN # 137409
   NATHAN M. SPATZ #204769
2  PILLSBURY WINTHROP SHAW PITTMAN LLP
   725 South Figueroa Street, Suite 2800
3  Los Angeles, CA  90017-5406
   Telephone:  (213) 488-7100
4  Facsimile:  (213) 629-1033
   nathan.spatz@pillsburylaw.com
5
   Attorneys for Plaintiff
6  360NETWORKS (USA), INC.

2012 MAR -5  AM 10: 53

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11

12  360NETWORKS (USA), INC., a Nevada      )   Case No.  CV 12  1831 -JEM
    corporation,                          )
13                                         )
                       Plaintiff,          )   COMPLAINT FOR:
14                                         )
            vs.                            )   1.   DECLARATORY RELIEF
15                                         )   2.   DECLARATORY RELIEF
    FREEDOM TELECOMMUNICATIONS,            )   3.   RESCISSION
16  INC., a California corporation; and DOES 1  )   4.   RESCISSION
    through 10, inclusive,                 )
17                                         )
                       Defendants.         )
18                                         )
                                           )
19

20

21

22

23

24

25

26

27

28

601659428v1                    - 1 -

COMPLAINT

Plaintiff 360NETWORKS (USA), INC., a Nevada corporation ("360networks"),
alleges against Defendant FREEDOM TELECOMMUNICATIONS, INC. ("Freedom"), a
California corporation, as follows:

INTRODUCTION

1.      This is an action for declaratory relief and/or rescission of two contracts
entered into between two sophisticated entities for the installation and use of fiber optic
cables.  The scope of each contract is expressly limited to require the installation of the
fiber optic cable within 180 days following the effective date of each contract.  This core
term is set forth at the outset of the substantive terms of each of the contracts and expressly
provides that  in the event that the fiber optic cable is not fully installed within 180 days,
"then this Agreement shall ***automatically terminate*** and neither Party shall be liable to the
other under this Agreement except for liability incurred prior to the date of the
termination." (emphasis added)  Although the fiber optic cables were not installed within
180 days and despite 360networks' notice of termination, Freedom has refused to
acknowledge the termination of the contracts.  360networks therefore brings this action
seeking a declaration of the parties' rights under the contracts or for rescission of the
contracts.

JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action under 28 U.S.C. § 1332(a) in that
diversity of citizenship exists between the parties and the amount in controversy exceeds
$75,000.00, exclusive of interest and costs.

3.      Venue is proper within this district pursuant to 28 U.S.C. § 1391 because the
claims set forth in this Complaint arose within this district and one or more of the
defendants reside in this judicial district.

4.      The parties agreed in the contracts entered into by the parties and at issue in
this action that all actions and proceedings arising out of the agreements would be brought
in the United Stated District Court for the Central District of California in Los Angeles.

1

## PARTIES

2      5.     360networks is, and at all times relevant hereto has been, a corporation duly

3 organized and existing by virtue of the laws of the State of Nevada and is authorized to do

4 business and is doing business in the County of Los Angeles, State of California.

5      6.     360networks is informed and believes, and on that basis alleges, that

6 Defendant FREEDOM TELECOMMUNICATIONS, INC. ("Freedom"), is and at all times

7 herein mentioned has been, a corporation duly organized and existing by virtue of the laws

8 of the State of California and doing business in the County of Los Angeles, State of

9 California.

10      7.     360networks does not know the true names and capacities of the defendants

11 sued as DOES 1 through 10, inclusive, and therefore sues such defendants by such fictitious

12 names.  360networks will amend this Complaint to allege such defendants' true names and

13 capacities when ascertained.  360networks is informed and believes, and based thereon

14 alleges, that each defendant sued as DOES 1 through 10, inclusive, is legally responsible in

15 some manner for the events and happenings herein alleged, and that the damages of

16 360networks as alleged herein were proximately caused by such defendants.

17      8.     360networks is informed and believes, and based thereon alleges, that at all

18 times relevant herein, each of DOES 1 through 10 was the agent, servant, employee, and/or

19 representative of Freedom and one another and acted with the consent, knowledge, and

20 permission of Freedom and one another, and was acting within the scope and purpose of

21 such agency, employment, authority, and/or representation.  All references herein to

22 Freedom shall include DOES 1 through 10.

23

## GENERAL ALLEGATIONS

24      9.     360networks is a wholesale telecommunications carrier involved in the

25 development of long-haul fiber optic routes throughout North America.

26      10.     360networks is informed and believes and on that basis alleges that Freedom

27 provides fiber optic network services and connections within buildings.

28      11.     360networks owned certain rights in a conduit system which extended from

1 Ontario, California to San Diego, California and from Ontario, California to Los Angeles,

2 California (the "360networks System").

3       12.    Freedom owned a 192 count single mode fiber optic cable which Freedom

4 desired to have installed into the Ontario, California to San Diego, California portion of the

5 360networks System.

6       13.    Freedom also desired the installation of a 192 count single mode fiber optic

7 cable installed into the Ontario, California to Los Angeles, California portion of the

8 360networks System.

9 <u>THE SAN DIEGO FIBER OPTIC AGREEMENT</u>

10       14.    On or about May 17, 2010, 360networks on the one hand, and Freedom, on

11 the other hand, entered into a written "Fiber Optic Network Agreement (Ontario to San

12 Diego)" ("San Diego Agreement"). A true and correct copy of the relevant portion of the

13 San Diego Agreement is attached hereto as Exhibit A and the entire San Diego Agreement

14 will be submitted in a subsequent addendum upon compliance with the confidentiality

15 provisions in the San Diego Agreement.

16       15.    Pursuant to the San Diego Agreement, 360networks agreed to allow the

17 installation of the Freedom cable into the 360networks System in exchange for, among

18 other things, fifty percent ownership of the installed fibers.

19       16.    Pursuant to Section 2.2(a) of the San Diego Agreement, Freedom was

20 responsible for all costs for the installation of the cable, including any reasonable costs for

21 repairing or correcting discontinuities or other defects in the conduit that would hinder

22 installation of the cable.

23       17.    Pursuant to the San Diego Agreement, time was of the essence for

24 completion of the installation of the Freedom cable into the 360networks System.

25

26

27

28

18.     Section 2.2(b) of the San Diego Agreement specifically provides as follows:

Installation Deadline/Termination.  In the event the Cable has not been installed in the 360 Exchange System within 180 days following the Effective Date, then this Agreement shall automatically terminate and neither Party shall [be] liable to the other under this Agreement except for liability incurred prior to the date of termination.

19.     The San Diego Agreement was effective as of May 17, 2010.

20.     The installation deadline pursuant to Section 2.2(b) of the San Diego Agreement was November 13, 2010.

21.     Despite the fundamental requirement that the Freedom cable be installed no later than November 13, 2010, Freedom failed take the steps necessary to install its cable into the 360networks System prior to that date.

22.     Pursuant to Section 2.2(b) of the San Diego Agreement, Freedom's failure to timely install its cable into the 360networks System caused the San Diego Agreement to "automatically terminate" – without further notice or action by the parties.

23.     In addition to failing to timely install the cable, Freedom failed to timely convey and sell 360networks fifty percent of the fibers in the cable and timely deliver a bill of sale within 15 days of installation.

24.     Section 2.2(a) of the San Diego Agreement provides, in relevant part, as follows:

Upon execution of this Agreement and within 15 days of the successful installation of the Cable, Freedom shall deliver a Bill of Sale to 360. . . .

25.     Completion of installation of the cable was required by November 13, 2010, and thus, the latest a bill of sale should have been delivered to 360networks was November 29, 2010, but Freedom failed to timely deliver the bill of sale.

26.     Freedom failed to take any of the required and customary steps to effect delivery of the fibers to 360networks, such as completion of fiber testing and delivery of an acceptance package prior to the November 13, 2010 automatic termination date.

- 5 -

COMPLAINT

27.     Pursuant to Section 16.4 of the San Diego Agreement, any modifications to the San Diego Agreement were required to be in writing.  Section 16.4 provides that the San Diego Agreement "may not be modified except in writing and signed by both Parties."

28.     The San Diego Agreement was never modified in writing.

29.     Despite the failure to timely install the cable and failure to timely deliver a bill of sale to 360networks, Freedom has failed to acknowledge termination of the San Diego Agreement and has failed to abandon the 360networks System.

30.     360networks has performed all terms and conditions of the San Diego Agreement on its part to be performed.

31.     As a result of Freedom's default, 360networks has demanded, and hereby demands, that Freedom abandon any claim to the 360networks System, as the San Diego Agreement has been terminated.

32.     Pursuant to the terms of the San Diego Agreement, the prevailing party is entitled to an award of its reasonable attorneys' fees and costs.

### THE LOS ANGELES FIBER OPTIC AGREEMENT

33.     On or about November 3, 2010, 360networks on the one hand, and Freedom, on the other hand, entered into a written "Fiber Optic Network Agreement (Los Angeles to Ontario)" ("Los Angeles Agreement").  A true and correct copy of the relevant portion of the Los Angeles Agreement is attached hereto as Exhibit B and the entire Los Angeles Agreement will be submitted in a subsequent addendum upon compliance with the confidentiality provisions in the Los Angeles Agreement.

34.     Pursuant to the Los Angeles Agreement, 360networks agreed to allow the installation of a cable into the 360networks System in exchange for, among other things, fifty percent ownership of the installed fibers.

35.     Pursuant to Section 2.2(a) of the Los Angeles Agreement, all costs associated with the installation of the cable into the 360networks System were to be borne exclusively by Freedom.

601659428v1

- 6 -

36.     Pursuant to the Los Angeles Agreement, time was of the essence for completion of the installation of the cable into the 360networks System.  Section 2.2(b) of the Los Angeles Agreement specifically provides as follows:

> Installation Deadline/Termination.  In the event the Cable has not been installed in the 360 Exchange System within 180 days following the Effective Date, then this Agreement shall automatically terminate and neither Party shall [be] liable to the other under this Agreement except for liability incurred prior to the date of termination.

37.     The Los Angeles Agreement was effective as of November 3, 2010.

38.     The installation deadline pursuant to Section 2.2(b) of the Los Angeles Agreement was May 2, 2011.

39.     Despite the fundamental requirement that the Freedom cable be installed no later than May 2, 2011, Freedom failed take the steps necessary to install its cable into the 360networks System prior to that date.

40.     Pursuant to Section 2.2(b) of the Los Angeles Agreement, Freedom's failure to timely install its cable into the 360networks System caused the Los Angeles Agreement to "automatically terminate" – without further notice or action by the parties.

41.     In addition, fiber testing was not completed, no bill of sale was ever issued for installation of the cable, and no acceptance package was ever delivered prior to the May 2, 2011 automatic termination date pursuant to the Los Angeles Agreement.

42.     Pursuant to Section 17.4 of the Los Angeles Agreement, any modifications to the San Diego Agreement were required to be in writing.  Section 17.4 provides that the Los Angeles Agreement "may not be modified except in writing and signed by both Parties."

43.     The Los Angeles Agreement was never modified in writing.

44.     Despite the fact that the cable was not installed by May 2, 2011 pursuant to the Los Angeles Agreement, Freedom has failed to acknowledge termination of the Los Angeles Agreement and has failed to abandon the 360networks System.

45.     360networks has performed all terms and conditions of the Los Angeles

1   Agreement on its part to be performed.

2        46.    As a result of Freedom's default, 360networks has demanded, and hereby

3   demands, that Freedom abandon any claim to the 360networks System, as the Los Angeles

4   Agreement has been terminated.

5        47.    Pursuant to the terms of the Los Angeles Agreement, the prevailing party is

6   entitled to an award of its reasonable attorneys' fees and costs.

7   FIRST CLAIM FOR RELIEF

8   (For Declaratory Relief)

9        48.    360networks refers to paragraphs 1 through 47 above and hereby

10   incorporates said paragraphs by reference as though fully set forth herein.

11        49.    An actual controversy exists between 360networks and Freedom regarding

12   the parties' rights and obligations under the San Diego Agreement.

13        50.    Pursuant to Section 2.2(b), the San Diego Agreement automatically

14   terminated, based in its own terms, upon the failure of Freedom to install its cable within

15   the 360networks System prior to November 13, 2010, which is 180 days after the effective

16   date of the San Diego Agreement.

17        51.    Although 360networks has demanded, and hereby demands, that Freedom

18   acknowledge the termination of the San Diego Agreement and abandon the 360networks

19   System, Freedom has failed and refused, and continues to fail and refuse, to acknowledge

20   termination of the San Diego Agreement and has failed to abandon the 360networks

21   System.

22        52.    A judicial declaration is necessary and appropriate at this time in order that

23   360networks may establish that the San Diego Agreement has been terminated.

24   SECOND CLAIM FOR RELIEF

25   (For Declaratory Relief)

26        53.    360networks refers to paragraphs 1 through 47 above and hereby

27   incorporates said paragraphs by reference as though fully set forth herein.

28        54.    An actual controversy exists between 360networks and Freedom regarding

COMPLAINT

1    the parties' rights and obligations under the Los Angeles Agreement.

2         55.     Pursuant to Section 2.2(b), the Los Angeles Agreement automatically

3    terminated, based in its own terms, upon the failure of the cable to be installed within the

4    360networks System prior to May 2, 2011, which is 180 days after the effective date of the

5    Los Angeles Agreement.

6         56.     Although 360networks has demanded, and hereby demands, that Freedom

7    acknowledge the termination of the Los Angeles Agreement and abandon the 360networks

8    System, Freedom has failed and refused, and continues to fail and refuse, to acknowledge

9    termination of the Los Angeles Agreement and has failed to abandon the 360networks

10    System.

11         57.     A judicial declaration is necessary and appropriate at this time in order that

12    360networks may establish that the Los Angeles Agreement has been terminated.

**THIRD CLAIM FOR RELIEF**

(For Rescission)

15         58.     360networks refers to paragraphs 1 through 47 above and hereby

16    incorporates said paragraphs by reference as though fully set forth herein.

17         59.     In the alternative to the first cause of action for Declaratory Relief for a

18    judicial declaration that the San Diego Agreement has been terminated, 360networks may

19    rescind the contract for lack of consideration because time was of the essence and the

20    Freedom cable was not timely installed.

21         60.     Pursuant to the San Diego Agreement, time was of the essence for

22    completion of the installation of the Freedom cable into the 360networks System.

23         61.     The cable was not timely installed within the 360networks System within

24    180 days pursuant to the requirements of the San Diego Agreement.

25         62.     Accordingly, 360networks may rescind the San Diego Agreement on the

26    grounds of lack of timely consideration.

**FOURTH CLAIM FOR RELIEF**

(For Rescission)

63.     360networks refers to paragraphs 1 through 47 above and hereby incorporates said paragraphs by reference as though fully set forth herein.

64.     In the alternative to the first cause of action for Declaratory Relief for a judicial declaration that the Los Angeles Agreement has been terminated, 360networks may rescind the contract for lack of consideration because time was of the essence and the cable was not timely installed.

65.     Pursuant to the Los Angeles Agreement, time was of the essence for completion of the installation of the cable into the 360networks System.

66.     The cable was not timely installed within the 360networks System within 180 days pursuant to the requirements of the Los Angeles Agreement.

67.     Accordingly, 360networks may rescind the Los Angeles Agreement on the grounds of lack of timely consideration.

WHEREFORE, 360networks prays for judgment as follows:

1.     On its First Claim For Relief, for a declaration that the San Diego Agreement was terminated on November 13, 2010.

2.     On its Second Claim For Relief or a declaration that the Los Angeles Agreement was terminated on May 2, 2011.

3.     On its Third Claim For Relief, in the alternative to the relief requested for the First Claim For Relief, an order declaring that the San Diego Agreement is null and void and requiring Freedom and Does 1 through 10 to remove any Freedom property from the 360networks System and for Freedom to grant title to 360networks in any remaining property that has not been timely removed which is residing in or relating to the 360networks System, and for Freedom to be refunded all amounts previously paid to 360networks in connection with any installation of the cable.

4.     On its Fourth Claim For Relief, in the alternative to the relief requested for the Second Claim For Relief, an order declaring that the Los Angeles Agreement is null and

COMPLAINT

1  void and requiring Freedom and Does 1 through 10 to remove any Freedom property from

2  the 360networks System and for Freedom to grant title to 360networks in any remaining

3  property that has not been timely removed which is residing in or relating to the

4  360networks System, and for Freedom to be refunded all amounts previously paid to

5  360networks in connection with any installation of the cable.

6       5.    On all Claims For Relief against all Defendants:

7           A.    For costs of suit incurred herein;

8           B.    For reasonable attorneys' fees; and

9           C.    For such other relief as the Court deems just and equitable.

10  Dated:  March 5, 2012.

11

12                          MICHAEL J. FINNEGAN
                        NATHAN M. SPATZ

13                          PILLSBURY WINTHROP SHAW PITTMAN LLP
                        725 South Figueroa Street, Suite 2800

14                          Los Angeles, California  90017

15                          By

16                                   Nathan M. Spatz

17                          Attorneys for Plaintiff
                        360NETWORKS (USA), INC.

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

**FIBER OPTIC NETWORK AGREEMENT**
**(Ontario to San Diego)**

THIS FIBER OPTIC NETWORK AGREEMENT ("Agreement"), is made this _17_ day of _May_, 2010, between 360networks (USA), Inc., a Nevada corporation ("360"), having an office at 370 Interlocken Boulevard, Suite 600, Broomfield, CO 80021, and Freedom Telecommunications, Inc., a California corporation ("Freedom"), having an office at 4505 Glencoe Avenue, Marina del Rey, CA 90292, each referred to individually as "Party", and 360 and Freedom being collectively referred to as the "Parties".

# REDACTED

REDACTED

b).     Installation Deadline/Termination  In the event the Cable has not been installed in the 360 Exchange System within 180 days following the Effective Date, then this Agreement shall automatically terminate and neither Party shall liable to the other under this Agreement except for liability incurred prior to the date of termination.

REDACTED

# REDACTED

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement in duplicate originals on the day and year below written, but effective as of the day and year first set forth above

FREEDOM TELECOMMUNICATIONS, INC.

By: _____

Title: _____CEO_____

Date: _____5-17-10_____

360NETWORKS (USA), INC.

By: _____

Title: _____VP, Network Operations_____

Date: _____5/18/2010_____

# EXHIBIT B

## FIBER OPTIC NETWORK AGREEMENT
### (Los Angeles to Ontario)

THIS FIBER OPTIC NETWORK AGREEMENT ("Agreement"), is made this 3rd day of November, 2010, ("Effective Date") between 360networks (USA), Inc., a Nevada corporation ("360"), having an office at 370 Interlocken Boulevard, Suite 600, Broomfield, CO 80021, and Freedom Telecommunications, Inc. ["Freedom" ] , a California corporation ("Freedom"), having an office at 4505 Glencoe Avenue, Marina del Rey, CA 90292, each referred to individually as "Party", and 360 and Freedom being collectively referred to as the "Parties".

# REDACTED

REDACTED

b).    Installation Deadline/Termination In the event the Cable has not been installed in the 360 Exchange System within 180 days following the Effective Date, then this Agreement shall automatically terminate and neither Party shall liable to the other under this Agreement except for liability incurred prior to the date of termination

REDACTED

# REDACTED

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement in duplicate originals on the day and year below written, but effective as of the day and year first set forth above.

FREEDOM TELECOMMUNICATIONS, INC.          360NETWORKS (USA), INC.

By: _____          By: _____

Title: _____CEO_____          Title: _VP, Operations_____

Date: __11/3/10_____          Date: __11/4/2010_____

MICHAEL J. FINNEGAN # 137409
NATHAN M. SPATZ #204769
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA  90017-5406
Telephone:  (213) 488-7100

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 360NETWORKS (USA), INC., a Nevada corporation,<br><br><br>PLAINTIFF(S)<br>v.<br><br>FREEDOM TELECOMMUNICATIONS, INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV 12  1831 -JEM**<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Michael J. Finnegan/Nathan M. Spatz___, whose address is _725 S. Figueroa Street, Suite 2800, Los Angeles, CA 90017 (see above for full address)___.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: **MAR - 5 2012**

By: _____
            Deputy Clerk

            *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
360NETWORKS (USA), INC., a Nevada corporation,

**DEFENDANTS**
FREEDOM TELECOMMUNICATIONS, INC., a California corporation; and
DOES 1 through 10, inclusive,

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing
yourself, provide same.)

Michael J. Finnegan #137409/Nathan M. Spatz #204769
Pillsbury Winthrop Shaw Pittman LLP, 725 S. Figueroa Street, Suite 2800
Los Angeles, CA 90017 / Tel: 213.488.7100

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff     ☐ 3 Federal Question (U.S.
                                         Government Not a Party)

☐ 2 U.S. Government Defendant   ☑ 4 Diversity (Indicate Citizenship
                                         of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☑ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original
    Proceeding
☐ 2 Removed from
    State Court
☐ 3 Remanded from
    Appellate Court
☐ 4 Reinstated or
    Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-
    District
    Litigation
☐ 7 Appeal to District
    Judge from
    Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes  ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No     ☑ MONEY DEMANDED IN COMPLAINT: $ Declaratory Relief/$1 Million +

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. Section 1332(a) - Declaratory Relief and Rescission

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☑ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 465 Other Immigration Actions | | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

**CV 12  1831**

**FOR OFFICE USE ONLY:**   Case Number:

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
#### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
  ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Nevada |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles |  |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles |  |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _(signature)_        Date March 1, 2012

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |