MICHAEL J. FINNEGAN #137409
mfinnegan@pillsburylaw.com
NATHAN M. SPATZ #204769
nathan.spatz@pillsburylaw.com
DAVID L. STANTON #208279
david.stanton@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA  90017-5406
Telephone:  (213) 488-7100
Facsimile:  (213) 629-1033

Attorneys for Plaintiff and Counter-Claim Defendant
360NETWORKS (USA), INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| 360NETWORKS (USA), INC., a Nevada corporation,<br><br>            Plaintiff,<br><br>    vs.<br><br>FREEDOM TELECOMMUNICATIONS, INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>            Defendants.<br><br>And all related cross actions. | Case No. CV-12-1831<br><br>STIPULATED PROTECTIVE ORDER<br><br>[Fed.R.Civ.Proc. § 26(c)]<br><br>Judge:    Honorable John E. McDermott<br><br>Trial Date:    October 2, 2013 |

This Court has substantial interest in protecting the legitimate privacy interests of the litigants and third parties while at the same time preserving the parties' rights to conduct full and complete discovery.  In order to protect the confidentiality of confidential information obtained by the parties in connection with the above-captioned matter, plaintiff and counter-defendant 360NETWORKS (USA), INC. ("360networks") and defendant and counter-claimant, FREEDOM TELECOMMUNICATIONS, INC. ("Freedom") (the "Parties") hereby stipulate to, and respectfully request that the Court issue, the following Protective Order

Error! Unknown document property name.

- 1 -

1  pursuant to Federal Rule of Civil Procedure 26(c).

2                          **RECITALS**

3          WHEREAS, Rule 26(c) of the Federal Rules of Civil Procedure grants the

4  Court broad discretion to issue protective orders limiting disclosure or discovery

5  in order to avoid "annoyance, embarrassment, oppression, or undue burden or

6  expense."

7          WHEREAS, Rule 502(d) of the Federal Rules of Evidence provides that the

8  Court may order that privileges and protections are "not waived by disclosure

9  connected with the litigation pending before the court—in which event the

10  disclosure is also not a waiver in any other Federal or State proceeding."

11          WHEREAS, Rule 502(e) of the Federal Rules of Evidence provides that

12  "[a]n agreement upon the effect of disclosure in a Federal proceeding is binding

13  only on the parties to the agreement, unless it is incorporated into a court order."

14          WHEREAS, the Parties each possess documents and information that are

15  potentially relevant to this dispute but protected from disclosure by privilege or

16  other protections (including work-product) ("Privileged Information"), and they

17  wish to avoid any waiver of privileges or other protections, except for intentional

18  waivers made with the producing party's explicit knowledge and affirmative

19  consent.

20          WHEREAS, the Parties each possess certain information, including, but not

21  limited to, financial information, trade secrets, constitutionally protected private

22  information, confidential research and development information and other types of

23  confidential information, which is of value and not in the public domain, which

24  could be subject to discovery or disclosure in this case, yet its unrestricted

25  disclosure in the public domain would likely cause significant and irreparable

26  harm to the Parties and their respective activities.

27

28

**Error! Unknown document property name.**          - 2 -                    STIPULATED PROTECTIVE ORDER
                                                                          Case No. CASE NO. CV-12-1831

1    WHEREAS, the Parties expect to share documents and information

2 obtained through discovery with their experts, consultants and others, including

3 the Parties' employees, attorneys and advisers.

4    WHEREAS, it may not be practicable or financially feasible for the Parties

5 to screen each and every page of potentially relevant material in this case to

6 identify every instance of privilege or work-product protection or other protection

7 from disclosure, and the Parties intend to employ computerized queries and other

8 reasonable methods of categorization to make these designations.

9    WHEREAS, the Parties seek to reduce the costs and burdens of discovery in

10 this case by ensuring that the legal privileges and protections that apply to

11 privileged and protected information are not subject to any inadvertent,

12 unintentional or unknowing waivers in this or any other jurisdiction, to the full

13 extent permitted by law and regardless of whether the relevant efforts to avoid

14 waiver, if any, are deemed reasonable or unreasonable by non-parties.

15    WHEREAS, the Parties also seek to preserve the full value and

16 confidentiality of their confidential Information and any confidential information

17 of others that they have a duty to protect.

18    NOW, THEREFORE, the Parties have agreed to preserve the confidentiality

19 and privileged or protected status of discovered and discoverable documents and

20 electronically stored information pursuant to this protective order ("Protective

21 Order") according to the following terms and conditions:

22                **DESIGNATION AND TREATMENT**

23                              **OF**

24         **"CONFIDENTIAL" DOCUMENTS AND INFORMATION**

25    1.    Discovery Material.  The following procedures shall be employed and

26 the following terms, conditions, and restrictions shall govern with respect to all

27 discovery materials and things produced and disclosed by the Parties and third

28

**Error! Unknown document property name.**          - 3 -

1  parties in this proceeding, including all information contained in writings and

2  documents, deposition testimony, deposition exhibits, interrogatory responses, and

3  other written, recorded, or graphic matters (the "Discovery Material").  Any

4  persons receiving confidential information, as defined herein, shall not reveal or

5  discuss such information to or with any person who is not entitled to receive such

6  information except as set forth herein.

7        2.     Confidential Information.  This Order shall govern all Discovery

8  Material that a designating or producing party or non-party believes in good faith

9  to be entitled to protection from disclosure under state or federal law as being

10  confidential.

11        3.     "Confidential" Designation.  Discovery Material produced by any

12  Party or non-party as part of discovery in this litigation may be designated by any

13  party or producing non-party as "Confidential."  The party which designates

14  material as "Confidential" shall have a reasonable basis for believing, in good

15  faith, that such designation is appropriate and consistent with the terms of this

16  Order and applicable law, and that disclosure of the Discovery Material should be

17  subject to protection under Federal Rule of Civil Procedure 26(c).  This

18  designation refers to material that constitutes or contains confidential business

19  information or confidential personnel information about employees or third

20  parties.  This designation further refers to trade secrets or other confidential

21  research, development, proprietary or commercial information, or other

22  information that is not publicly known, whether embodied in physical objects,

23  documents, or the factual knowledge of persons.  Absent a specific order by the

24  Court, once designated as "Confidential" such "Confidential" Discovery Material

25  shall be used by the Parties solely in connection with this litigation and not for any

26  other purposes, including but not limited to any other litigation, or any other

27  business, competitive, governmental or regulatory purposes or functions.

28

1        4.    Designation Procedure.  The designation of Discovery Material as

2    "Confidential" for purposes of this Protective Order shall be made in the following

3    manner by the Party or non-party seeking protection:

4        a.    In the case of documents, exhibits, briefs, memoranda,

5    interrogatory responses, responses to requests for admission, or other

6    material (apart from depositions or other pretrial or trial testimony): by

7    affixing the legend "Confidential" to any such Discovery Material

8    containing any "Confidential" information at the time such documents are

9    produced or such information is disclosed, or as soon thereafter as the Party

10   or non-party seeking protection becomes aware of the confidential nature of

11   the information or material disclosed and sought to be protected hereunder;

12   and

13       b.    In the case of depositions or other pretrial or trial testimony:  A

14   Party or non-party may designate information disclosed during a deposition

15   or in response to written discovery as "Confidential" by so indicating in said

16   responses or on the record at the deposition and requesting the preparation

17   of a separate transcript of such material.  In addition, a Party or non-party

18   may designate in writing, within thirty (30) days after receipt of said

19   responses or of the deposition transcript for which the designation is

20   proposed, the specific pages of the transcript and/or specific responses to be

21   treated as "Confidential."  Any other party may object to such proposal, in

22   writing or on the record.  Upon such objection, the Parties shall follow the

23   procedures described in Paragraph 10 below.  After any designation made

24   according to the procedure set forth in this paragraph, the designated

25   documents or information shall be treated as "Confidential" respectively

26   until the matter is resolved according to the procedures described in

27   Paragraph 10 below, and counsel for all parties shall be responsible for

28

**Error! Unknown document property name.**    - 5 -    STIPULATED PROTECTIVE ORDER
Case No. CASE NO. CV-12-1831

1    marking all previously unmarked copies of the Discovery Material in their

2    possession or control with the respective "Confidential" designation.

3         5.    Material Produced by a Non-Party.  Any Party or non-party may

4    designate as "Confidential" any Discovery Material produced by a non-party if the

5    Party or non-party believes in good faith that such Discovery Material is entitled

6    to protection from disclosure under the terms of this Order.  Such designation shall

7    be made by giving written notice of such intent and the relevant document

8    numbers or other identification of the "Confidential" Discovery Material to all

9    Parties, and the producing non-party, within thirty (30) days of the receipt of the

10   Discovery Material, and shall thereafter be stamped or otherwise marked

11   "Confidential."

12        6.    Submissions to the Court.  Unless otherwise ordered or directed by

13   the Court, or agreed to by the Party or non-party designating the Discovery

14   Material as "Confidential," a party submitting documents and things to the Court

15   which disclose information designated as "Confidential" shall proceed in

16   accordance with Local Rule 79-5.1, request that the documents be filed under seal,

17   and inform the Court that the documents are subject to the Protective Order.

18        7.    Disclosure of "Confidential" Information.  All Discovery Material

19   designated "Confidential" shall be used solely for the purpose of this proceeding

20   and for no other proceedings or purpose.  Discovery Material designated as

21   "Confidential," or copies or extracts therefrom and compilations and summaries

22   thereof, may be disclosed, summarized, described, characterized, or otherwise

23   communicated or made available in whole or in part only to the following persons:

24        a.    The law firms of record in the above-captioned litigation, their

25   attorneys and staff, and in-house and/or general counsel and staff for any Party;

26        b.    The named parties or officers or employees of any Party, to the

27   extent deemed necessary by counsel for conducting the above-captioned litigation;

28

**Error! Unknown document property name.**          - 6 -          STIPULATED PROTECTIVE ORDER
                                                                    Case No. CASE NO. CV-12-1831

1      c.  Experts and consultants for the purpose of assisting in the

2 preparation of the case or for the purpose of testifying by deposition or at the trial

3 of this matter, subject to and conditioned upon compliance with Paragraph 8

4 herein;

5      d.  The Court, and the Court staff pursuant to Paragraph 6 herein;

6      e.  Court reporters, notary publics, or stenographers at deposition,

7 trial, or hearings, subject to the terms herein;

8      f.  Copy services, database providers, or graphics or design

9 providers retained by counsel for a Party as necessary for this action, including for

10 purposes of preparing demonstrative or other exhibits for deposition, trial, or other

11 court proceedings in this action, subject to and conditioned upon compliance with

12 Paragraph 8 herein;

13      g.  Any authors or recipients of the "Confidential" Discovery

14 Material;

15      h.  Testifying witnesses at deposition or at trial, subject to and

16 conditioned upon compliance with Paragraph 8 herein.  A witness shall sign the

17 Acknowledgment as required under Paragraph 8 before being shown Discovery

18 Material designated "Confidential."  "Confidential" Discovery Material may be

19 disclosed to a witness who will not sign the Acknowledgment as required under

20 Paragraph 8 only in a deposition at which the Party or non-party who designated the

21 "Confidential" Discovery Material is represented or has been given notice that

22 "Confidential" Discovery Material produced by the Party or non-party may be used.

23 At the request of any Party or non-party, the portion of the deposition transcript

24 involving the "Confidential" Discovery Material shall be designated "Confidential"

25 pursuant to paragraph 4 above.  Witnesses shown "Confidential" Discovery

26 Material shall not be allowed to retain copies.  The Parties shall meet and confer

27 regarding the use of "Confidential" Discovery Material at trial as set forth in

28

**Error! Unknown document property name.**  - 7 -  STIPULATED PROTECTIVE ORDER
Case No. CASE NO. CV-12-1831

1   Paragraph 17 below;

2           i.      Jury or trial consultants retained by counsel for a Party, subject

3   to and conditioned upon compliance with Paragraph 8 herein;

4           j.      Any Private mediator(s) selected by the Parties to mediate this

5   dispute; and

6           k.      Any other person only upon order of the Court or upon prior

7   written consent of the Party or non-party producing the "Confidential" Discovery

8   Material.  If either Party's counsel determines that the prosecution or defense of

9   this action requires that "Confidential" documents, deposition testimony or

10  information needs to be disclosed to persons other than those listed in Paragraph 7

11  above, counsel must provide all parties with written notice of intended disclosure

12  not less than seven (7) days prior to disclosure.  Any Party may provide a written

13  objection to such notice prior to the intended disclosure.  If such written objection

14  is not made, the documents or information may be disclosed subject to this

15  Stipulated Protective Order, including Paragraph 8.  If a written response objecting

16  to disclosure is made by a Party, the documents or information shall not be

17  disclosed unless the Court so orders.

18          8.      Access Subject To Agreement.  Except as otherwise provided in

19  Paragraph 7 above, all persons listed in Paragraphs c, h, i, and k above may be

20  given access to information or material designated as "Confidential" only to the

21  extent that they first confirm their understanding and agreement to abide by the

22  terms of this Protective Order by completing and signing the Acknowledgment

23  attached hereto as Exhibit A ("Acknowledgment").  The Acknowledgments shall

24  be retained by counsel for the Party who obtains them, and nothing thereunder

25  shall require the disclosure of reports and/or consultation that would not otherwise

26  be required by law.

27          9.      Use of "Confidential" Discovery Material at Deposition.  If

28

Error! Unknown document property name.          - 8 -          STIPULATED PROTECTIVE ORDER
                                                              Case No. CASE NO. CV-12-1831

1    documents, deposition testimony or information designated by a Party as

2    "Confidential" are to be used during a deposition in this action, only those persons

3    authorized to review such documents pursuant to Paragraph 7 above may be

4    present during the portion of the deposition during which such documents,

5    deposition testimony, or information is discussed, unless the Parties agree

6    otherwise.

7        10.    Challenging a Designation.  In the event that a receiving party

8    disagrees in good faith with the designation by the designating/producing party of

9    any information as "Confidential" and would like to use such "Confidential"

10   information other than as permitted under this Order, the receiving party shall state

11   its objections in writing.  Within ten (10) days of the designating party's receipt of

12   a written objection to a "Confidential" designation, the Parties shall, in good faith,

13   meet and confer to attempt to resolve such dispute on an informal basis before

14   presenting the dispute to the Court by motion or otherwise.  In the event an

15   informal resolution is not reached, the receiving party must, within ten (10) days

16   of the date of the parties' conference, file a motion with the Court setting forth the

17   basis for its challenge and seeking the Court's ruling as to whether the Discovery

18   Material is properly designated as "Confidential."  The designating party shall

19   have the burden of persuasion that the designation should not be removed and is

20   consistent with Federal and/or California law.  Should such a motion be filed, the

21   information shall be treated as "Confidential" subject to this Protective Order until

22   the Court issues a ruling on the motion.

23       11.    Jurisdiction.  All persons who have access to information or material

24   designated as "Confidential" under this Protective Order acknowledge they are

25   bound by this Order and submit to the jurisdiction of this Court for purposes of

26   enforcing this Order.

27       12.    No Prejudice.  Producing or receiving Discovery Material designated

28

**Error! Unknown document property name.**          - 9 -          STIPULATED PROTECTIVE ORDER
                                                                    Case No. CASE NO. CV-12-1831

1  as "Confidential," entering into, agreeing to or otherwise complying with the

2  terms of this Protective Order shall not:

3          a.      Operate as an admission by any Party or non-party that any

4  particular Discovery Material designated as "Confidential" contains or reflects trade

5  secrets, proprietary or commercially sensitive information, or any other type of

6  confidential information;

7          b.      Operate as an admission by any Party or non-party that any

8  particular Discovery Material designated as "Confidential" contains or reflects

9  information that if disclosed would cause harm or be likely to cause harm to the

10  producing party or non-party;

11          c.      Operate as an admission by any Party or non-party that the

12  restrictions and procedures set forth herein constitute or do not constitute adequate

13  protection for any particular information deemed by any Party or non-party to be

14  "Confidential;"

15          d.      Prejudice in any way the rights of the Parties or non-parties to

16  object to the production of documents they consider to be not subject to discovery;

17          e.      Prejudice in any way the rights of any Party to object to the

18  authenticity or admissibility into evidence of any document, testimony, or other

19  evidence subject to this Protective Order;

20          f.      Prejudice in any way the rights of a Party or non-party to seek a

21  determination by the Court whether any information or material should be subject

22  to the terms of this Protective Order;

23          g.      Prejudice in any way the rights of a Party or non-party to

24  petition the Court for a further protective order relating to any purportedly

25  confidential information;

26          h.      Prevent the Parties to this Protective Order from agreeing in

27  writing or on the record during a deposition or hearing in this action to alter or

28

1  waive the provisions or protections provided for herein with respect to any

2  particular information or material;

3         i.     Limit a Party's or non-party's ability to grant other parties or

4  non-parties access to its own documents and/or information;

5         j.     Limit any Party in the introduction of "Confidential" Discovery

6  Material into evidence at trial, subject to Paragraph 17 below and the designating

7  party's or designating non-party's right to seek further protection from the Court;

8         k.     Be deemed to waive any applicable privilege or work product

9  protection, or to affect the ability of a Party or non-party to seek relief for an

10  inadvertent disclosure of material protected by privilege or work product

11  protection; and/or

12         l.     Prevent a Party or non-party from objecting to discovery which

13  it believes to be improper, including objections based upon the privileged,

14  confidential, or highly confidential nature of the Discovery Material requested.

15        13.    <u>Use of Party's Own Designated Information</u>.  This Protective Order

16  has no effect upon, and shall not apply to, a Party's or non-party's use or

17  disclosure of its own "Confidential" Discovery Material for any purpose.  Nothing

18  contained herein shall impose any restrictions on the use or disclosure by a Party

19  or non-party of documents, information, or Discovery Material designated as

20  "Confidential" obtained lawfully by such Party or non-party independently of any

21  proceedings in this action, or which:

22         a.     Was already known to such Party or non-party by lawful means

23  prior to acquisition from, or disclosure by, another Party or non-party in this

24  action; provided, however, that any such person who provides such information is

25  not subject to a confidentiality agreement or other restriction barring the provision

26  of such information; or

27         b.     Is or becomes publicly known through no fault or act of such

28

**Error! Unknown document property name.**      - 11 -      STIPULATED PROTECTIVE ORDER
Case No. CASE NO. CV-12-1831

1   Party or non-party.

2          14.    Inadvertent Disclosure Of Confidential Information.  Any

3   "Confidential" Discovery Material that is inadvertently produced without written

4   notice or identification as provided in Paragraph 3 through Paragraph 5 of its

5   confidential nature may be so designated in writing by the producing party or non-

6   party after the realization that the "Confidential" Discovery Material has been

7   produced without such designation.  However, until the Discovery Material is

8   designated as "Confidential" as set forth in Paragraph 3 through Paragraph 5, the

9   Parties shall be entitled to treat the material as non-confidential.  As soon as the

10   receiving party becomes aware of the inadvertent production, the information must

11   be treated as if it had been timely designated under this Protective Order, and the

12   receiving party must endeavor in good faith to obtain all copies of the document

13   that it distributed or disclosed to persons not authorized to access such information

14   by Paragraph 7 above, as well as any copies made by such persons.

15          15.    Modification of Protective Order.  It is the present intention of the

16   Parties that the provisions of this Protective Order shall govern discovery and

17   other pretrial proceedings in this action.  Nonetheless, each of the Parties or any

18   other proper party hereto shall be entitled to seek modification of this Protective

19   Order for good cause by first meeting and conferring, in good faith, on the

20   proposed modification.  To the extent the Parties agree on the proposed

21   modification, the Parties shall stipulate to the proposed modification and submit

22   such stipulation for approval by the Court.  If the Parties are unable to agree on the

23   proposed modification, the party seeking the modification may apply to the Court

24   on notice to the other Parties hereto and, in doing so, must attest to the Court that

25   it met and conferred in good faith with the other Parties but could not come to an

26   agreement on the proposed modification.

27          16.    Survival.  Final termination of this proceeding, including exhaustion

28

1    of appellate remedies, shall not terminate the limitations on use and disclosure

2    imposed by this Protective Order.  Upon final termination of this proceeding, all

3    reasonably accessible versions of "Confidential" Discovery Material and copies

4    thereof, including but not limited to such Discovery Material in the hands of

5    outside experts or consultants, shall be delivered to counsel of record for the

6    producing party or non-party of such "Confidential" Discovery Material, upon

7    request, within sixty (60) days of such request, or else shall be destroyed upon

8    request and the producing party shall be advised in writing within sixty (60) days

9    of the request that such Discovery Material has been destroyed, except for

10   "Confidential" Discovery Material filed with the Court, whether or not filed under

11   seal; provided, however, that counsel of record may retain copies of briefs and

12   other papers filed with the Court and attorney work product which contains or

13   constitutes "Confidential" Discovery Material so long as such briefs and other

14   papers are maintained in accordance with the provisions of this Protective Order.

15   Counsel need not certify the destruction of "Confidential" Discovery Material

16   contained in inaccessible repositories, including, without limitation, system-

17   backup media, compressed archival formats, unused legacy systems, unsearchable

18   file fragments, deleted files or slack space, backup tapes or computer caches, so

19   long as the "Confidential" Discovery Material is not readily accessible to users

20   and will continue to be treated as confidential.

21         17.   Use of Designated Discovery Material in Court Proceedings.  In the

22   event that any Discovery Material designated as "Confidential" hereunder is used

23   in any court proceeding in this action or any appeal therefrom, such Discovery

24   Material shall not lose its status as "Confidential" through such use.  Counsel for

25   the Parties shall confer on such procedures as are necessary to protect the

26   confidentiality of any documents, information, and transcripts used in the course

27   of any court proceedings, and shall incorporate such procedures, as appropriate, in

28

**Error! Unknown document property name.**         - 13 -         STIPULATED PROTECTIVE ORDER
                                                                   Case No. CASE NO. CV-12-1831

1 the pre-trial order.

2      18.   Other Actions.  If any party (a) is subpoenaed in another action, (b) is

3 served with a demand in another action to which it is a party, or (c) is served with

4 any other legal process by one not a party to this action seeking information or

5 material which was produced or designated as "Confidential" by someone other

6 than that party, the party shall give prompt actual written notice, by hand or

7 facsimile transmission, within ten (10) days of receipt of such subpoena, demand,

8 or legal process, to those who produced and/or designated the Discovery Material,

9 prior to compliance with the subpoena so as to allow the producing and/or

10 designating parties or non-parties to seek protection from the Court or courts.

11 Nothing herein shall be construed as requiring the party or anyone else covered by

12 this Protective Order to challenge or appeal any order requiring production of

13 information or material covered by Protective Order, or to subject itself to any

14 penalties for noncompliance with any legal process or order, or to seek any relief

15 from this Court.

16      19.   The Parties agree that certain documents or electronically stored

17 information could be so sensitive that they reasonably should not be disclosed

18 beyond the other Parties' outside- or in-house-counsel.  With respect to such

19 "Attorney's Eyes Only" materials, the Parties shall, as soon as practicable, bring

20 the sensitive nature of the items to the attention of the other Parties' outside

21 counsel, and the Parties shall meet and confer in an attempt to agree upon proper

22 treatment of the materials.

### DESIGNATION AND TREATMENT

### OF

### PRIVILEGED AND PROTECTED DOCUMENTS AND INFORMATION

26      20.   The Parties shall take steps that are, in the exclusive judgment of each

27 of them, reasonable to identify information that is protected from disclosure due to

28

1 the attorney-client privilege, attorney work-product doctrine or other legal

2 protection ("Privileged Information,"), and to prevent its disclosure.  This can

3 include but is not limited to attorney screening, keyword search screening,

4 metadata filtering, the application of advanced analytical tools, designation by

5 subject matter, location or custodian where appropriate, any combination of these,

6 or other methods not listed.  The Parties shall not indiscriminately designate

7 documents or information as Privileged Information.

8      21.    No inadvertent disclosure of Privileged Information not identified

9 through the methods a party employs shall constitute a waiver of any privilege or

10 other protections (including work product) in this or any other proceeding if the

11 producing party took reasonable steps, as defined herein, to prevent its disclosure

12 and to rectify the error in the event of an inadvertent, unintentional or unknowing

13 disclosure.

14      22.    The producing party will be deemed to have taken reasonable steps to

15 rectify an erroneous disclosure if, within thirty (30) days of discovering the error,

16 but no later than ten (10) days following knowledge of an opposing party's use of

17 such Privileged Information, the producing party notifies the receiving party of the

18 claim of privilege and the basis for it and directs the receiving party to sequester,

19 return, delete, or destroy all copies of the inadvertently produced Privileged

20 Information.

21      23.    Upon receiving such a request and notification of an inadvertent

22 disclosure, or if a receiving party or its counsel self-identifies Privileged

23 Information  in a production, the receiving party shall promptly sequester, return,

24 delete or destroy all copies of such inadvertently produced Privileged Information,

25 including any and all work-product containing or derived from Privileged

26 Information, and shall make no further use or disclosure of the Privileged

27 Information whatsoever.  The receiving party must notify the producing party if

28

1    Privileged Information was disclosed before the receiving party received

2    notification of its privileged status, and the receiving party must take all

3    reasonable steps to secure the return of any Privileged Information of a producing

4    party that the receiving party has disclosed.

5          24.    Parties shall act in good faith to timely produce privilege logs.  A

6    party's failure to timely produce a privilege log shall not constitute a de facto

7    breach of this Order or waiver of any privileges or protections.

8          25.    Nothing in this Protective Order shall prevent a receiving party from

9    challenging the assertion of privilege or other protection with respect to any

10   documents or electronically stored information subject to discovery in this case;

11   provided, however, that any challenge to Privileged Information that has been

12   inadvertently produced must be made within ten (10) court days after the

13   producing party gives notice of the privilege or protection, by presenting the

14   disputed information under seal with the Court for determination pursuant to

15   Federal Code of Civil Procedure 26(b)(5)(B).

16         26.    Notwithstanding anything to the contrary herein: (a) Privileged

17   Information that has been prepared by or at the direction of the Parties' outside

18   lawyers during the pendency of this action is not subject to discovery in this

19   litigation; and (b) the Parties shall not be required to reflect in any privilege log

20   the communications of or with their outside counsel or their outside counsel's

21   work-product prepared in anticipation of this litigation or during its pendency,

22   provided that such communications and protected materials relate to the

23   representation of the party in this case.

24                              ADDITIONAL PROVISIONS

25         27.    Before the expiration of a deadline under the Protective Order, the

26   Parties may request reasonable extensions under the circumstances existing at the

27   time, and such requests shall not be unreasonably denied.

28

**Error! Unknown document property name.**          - 16 -          STIPULATED PROTECTIVE ORDER
                                                                     Case No. CASE NO. CV-12-1831

28.     The provisions of this Protective Order may be modified at any time by stipulation of the Parties approved by order of the Court.  In addition, a Party may at any time apply to the Court for modification of this Protective Order, provided that the Party seeking modification of this Protective Order has first met and conferred in good faith with the other parties hereto, and provided further that the Party seeking modification attests to the Court that it met and conferred in good faith prior to seeking the Court's intervention

29.     Nothing in this Stipulated Protective Order shall constitute: (a) an agreement by any party to produce any documents or other materials in discovery not otherwise agreed upon or required by court order or the Federal Rules of Civil Procedure; (b) a waiver by any person or party of any right to object to or seek a further protective order with respect to any discovery in this or any other action; or (c) a waiver of any claim of immunity or privilege with respect to any testimony, document or information.

30.     The Parties expressly acknowledge that, by entering into this Stipulation, they do not waive any claims or defenses.

//

//

//

1    SO STIPULATED as of the date of execution.

2

3    Dated:  January 11, 2013                    MICHAEL J. FINNEGAN
                                                  NATHAN M. SPATZ
4                                                 DAVID L. STANTON
                                                  PILLSBURY WINTHROP SHAW
5                                                 PITTMAN LLP
6                                                 725 South Figueroa Street, Suite 2800
                                                  Los Angeles, CA  90017-5406
7

8                                                 By _____/s/ Nathan M. Spatz_____
                                                        Nathan M. Spatz
9                                                   Attorneys for 360networks (USA), Inc.

10

11
     Dated:  January 11, 2013                    DAVID K. WILLINGHAM
12                                                ROBYN C. CROWTHER
                                                  JENNIFER LEE HONG
13                                                CALDWELL LESLIE & PROCTOR, PC
                                                  725 South Figueroa Street, 31st Floor
14                                                Los Angeles, CA  90017-5524
15

16                                                By _____/s/ David K. Willingham_____
                                                        David K. Willingham
17                                                Attorneys for Freedom Telecommunications, Inc.

18

19
     SO ORDERED as of the date of execution.
20

21
     DATED this 14TH day of January, 2013
22

23
                                                  /s/John E. McDermott_____
24                                                   Honorable John E. McDermott
                                                     United States Magistrate Judge
25

26

27

28

**APPENDIX A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY**

**PROTECTIVE ORDER**

I, _____ [print or type full name], declare under penalty of perjury of the laws of the State of California that:

1.    My address is:  _____.

2.    My employer is:  _____.

3.    My occupation is:  _____.

4.    I have read in its entirety and understand the Stipulation and Protective Order in the case styled *360networks (USA), Inc. v. Freedom Telecommunications, Inc.*, Case No. CV-12-1831 (C.D. Cal.) (the "Order").

5.    I agree to comply with and to be bound by all the terms of the Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment, including being held in contempt of court.  I will hold in confidence, will not disclose to anyone not qualified under the Order, and will use only for purposes of this case all "Confidential" Discovery Material, including any notes about or summaries of such information.

6.    I hereby submit to the jurisdiction of this Court for purposes of enforcement of the Order, even if such enforcement proceedings occur after termination of this case and even if the Court would not otherwise have personal jurisdiction over me.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

**Error! Unknown document property name.**     - 19 -     STIPULATED PROTECTIVE ORDER
Case No. CASE NO. CV-12-1831